UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------
KASEEM ALI-X,                    :
                                 :  Civil Action No. 10-2990 (DMC)
            Plaintiff,           :
                                 :
        v.                       :          O R D E R
                                 :
SUPERINTENDENT TRACY POWER,      :
et al.,                          :
                                 :
            Defendant.           :
---------------------------------

The Court having screened the complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. § 1915A; and the Court finding that dismissal of Plaintiff's claims is not warranted at this time; and the Plaintiff having paid the filing fee;

IT IS on this ___3___ day of ___May___, 2011,

ORDERED that the Clerk of the Court is directed to file the complaint in the above-captioned action; and it is further

ORDERED that all claims against Defendant Franclin Espinal #523634 are DISMISSED WITH PREJUDICE, as Plaintiff has alleged no facts suggesting that Defendant Espinal is a state actor within the meaning of § 1983.  (To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S.

42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).); and it is further

ORDERED that the Eighth Amendment failure to protect claim MAY PROCEED against all remaining Defendants; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order by regular mail on the Attorney General for the State of New Jersey and on the warden of the South Woods State Prison; and it is further

ORDERED that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the complaint, summons, and this Order upon the defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that the defendants shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify the plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in <u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir. 1993), <u>cert. denied</u>, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of

pro bono counsel. Plaintiff is advised that such appointment is not automatic; and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is finally

ORDERED that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address, or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel.

_____
Dennis M. Cavanaugh
United States District Judge