UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KASEEM ALI-X

    Plaintiff,

v.

TRACY POWER, et al.,

    Defendants.

Civil Action No. 10-cv-02990 (DMC)

OPINION

**DICKSON, U.S.M.J.**

This matter comes before the Court upon application by *pro se* Plaintiff Kaseem Ali-X ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. §1915(e)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the Plaintiff's submissions, and based upon the following, it is the finding of the Court that Plaintiff's application is **denied.**

I.    **Background**

Kaseem Ali-X ("Plaintiff"), on or about June 11, 2010, filed a Civil Action Complaint pursuant to 42 U.S.C. §1983. (ECF No. 1) Plaintiff is in custody of the New Jersey Department of Corrections and was housed at East Jersey State Prison where the events in question took place. In October 2008, Plaintiff was transferred to South Woods State Prison, where he is currently incarcerated. On June 11, 2008, Plaintiff alleges that he was maliciously assaulted by his cellmate Franclin Espinal. In his complaint, Plaintiff asserted an Eighth Amendment failure to protect claim against Defendants, in addition to the claim against Defendant Espinal for

1

assaulting the Plaintiff. The Court dismissed without prejudice all claims against Defendant Espinal for failure to allege any facts suggesting that Defendant Espinal is a state actor within the meaning of §1983. (Order, May 3, 2011, ECF No. 12) The Court allowed the Eighth Amendment claim to proceed against all remaining Defendants. Plaintiff filed this application for *pro bono* counsel on June 1, 2011.

## II.     Legal Standard

In *Tabron v. Grace*, the Third Circuit established specific guidelines for determining whether the appointment of *pro bono* counsel is warranted. *See* 6 F.3d 147, 155, 158 (3d Cir. 1993). The Third Circuit emphasized that, as a threshold matter, courts must analyze the substance of an applicant's underlying claim for merit before engaging in any further evaluation. *See id.* Only after a determination that an applicant's claim has merit in fact and law should a court move on to consider and evaluate the factors outlined in *Tabron*. *See id.* at 155. The additional *Tabron* factors include whether:

> (1) the *pro se* party lacks the ability to present an effective case without an attorney;
> (2) the legal issues are complex or, the ultimate legal issues are not complex, but the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;
> (3) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
> (4) the case is likely to turn on credibility determinations;
> (5) the case will require expert testimony; and
> (6) the party is unable to attain and afford counsel on his/her own behalf

*See Parham v. Johnson*, 126 F.3d 454, 357 (3d Cir. 1997); *Tabron*, 6 F.3d at 155-56.

Courts must consider the ability of the plaintiff to present his or her case without the assistance of counsel. *See id.* at 156. In making this determination, courts "generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Id.* Courts should "also consider the difficulty of particular legal issues…the degree

to which factual investigation will be required and the ability of the indigent plaintiff to pursue investigation." *Id.*

### III. <u>Analysis</u>

In analyzing the merits of Plaintiff's Complaint, the Court is cognizant that a *pro se* plaintiff's complaint is held to a less stringent standard than pleadings filed by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Moreover, the Court recognizes that civil rights allegations are not meritless unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. *Id.*

In the present case, Plaintiff alleges that the Defendants knew of a threat to his safety and intentionally disregarded his complaints despite a duty to protect him from threatening inmates. Plaintiff alleges that Defendants' behavior violates his Eighth and Fourteenth Amendment rights. The Court finds that while Plaintiff's claims will require evidentiary support, Plaintiff has established that his claim has sufficient merit to allow the Court to proceed to the second stage of the *Tabron* analysis. *Tabron*, 6 F.3d at 156.

Under this analysis Plaintiff has not demonstrated that he lacks the ability to present an effective case. Plaintiff is literate, has access to a typewriter, and has demonstrated a sound understanding of his claims and the relevant law. In addition, Plaintiff has access to the services of an inmate paralegal. Although, Plaintiff claims that the legal complexity of this action are beyond his capabilities, Plaintiff has not demonstrated at this stage of the proceedings that the factual claims are difficult to understand or that the legal issues involved are so complex such that the appointment of counsel is required. Furthermore, while a factual investigation may be necessary to further his claims, Plaintiff has not shown that he is unable to pursue this investigation on his own accord. Moreover, at this time, it does not appear that Plaintiff will

require expert testimony in connection with his claim, nor does it appear that there are any credibility determinations at issue.

Finally, the ability of Plaintiff to obtain and afford counsel on his own behalf is a factor to be considered by the Court. Plaintiff states in his Application that he is unable to retain an attorney because he is indigent. Notwithstanding, Plaintiff has not demonstrated that he requires an attorney at this time to pursue his claims. Based on review of Plaintiff's Complaint and current application, the Court finds that appointment of *pro bono* counsel is not appropriate at this time.

## IV.   Conclusion

For the reasons stated, it is the finding of this Court that Plaintiff's application for appointment of *pro bono* counsel is **denied.** An appropriate Order accompanies this Opinion.

JOSEPH A. DICKSON, U.S.M.J.

Date: August 1st, 2011