NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KASEEM ALI-X, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 10-2990 (DMC) (JBC) |
| TRACEY POWER, et al., | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before this Court upon Motion of Defendants LaForgia, Campos, Kennedy, Knight, Nelson, and Vessel, to Dismissal or in the alternative for Summary Judgment of Plaintiff Kaseem Ali-X's Complaint. Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' Motion for Summary Judgment is **granted**.

## I. BACKGROUND

On June 11, 2022, Plaintiff Kaseem Ali-X ("Plaintiff") filed suit against Defendants LaForgia, Campos, Kennedy, Knight, Nelson, and Vessel, in their official and individual capacity, in the District Court for the District of New Jersey, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his Eight Amendment and Fourteenth Amendment rights by failing to protect him from an assault by his cellmate.

Plaintiff is an inmate currently serving a life sentence for murder. He was incarcerated at the East Jersey State Prison in Rahway, NJ (EJSP) at the time of the incidents giving rise to the Complaint. Plaintiff alleges that on June 11, 2008, he was assaulted by his cellmate, Franclin Espinal.

Plaintiff further alleges that Defendants knew he was in danger. Plaintiff claims that he filed internal grievance forms, sent letters to EJSP Administrators, and submitted several administrative grievance forms. Plaintiff alleges that EJSP staff was aware of a "threat of danger" from his cellmate. Plaintiff claims that as a result of Defendants' alleged failure to take action, he lived in a state of "mental torture and fear."

On March 02, 2012, Defendants filed a motion to dismiss. Defendants' motion to dismiss was granted without prejudice by this Court on October 26, 2012 (ECF No. 33).

On November 13, 2012, Plaintiff submitted an amended complaint, then submitted another amended complaint on December 28, 2012 (ECF No. 43 & ECF No. 48).

On January 25, 2013, Defendants submitted a motion to dismiss, which Plaintiff has not opposed. (ECF No. 50, "Def.'s Mot.").

## II. STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the nonmoving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. Id. "The burden has two distinct components: an

initial burden of production, which shifts to the non moving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The nonmoving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. App'x 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

## III. DISCUSSION

### A. Plaintiff's Constitutional Claims Must Be Dismissed

Defendant first argues that Plaintiff's constitutional claims pursuant to 42 U.S.C. § 1983 must be dismissed because he failed to exhaust his administrative remedies prior to filing this lawsuit.

The Prisoners Litigation Reform Act ("PLRA") requires prisoners asserting a claim under § 1983 to first exhaust their available administrative remedies, providing:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as available are exhausted.

3

(See Conception v. Morton, 306 F. 3d 1347, 1348-1349 (3d Cir. 2002) (Third Circuit holding that the PLRA's exhaustion requirement applies to institutional grievance procedure).

In accordance with N.J.A.C. 10A:8-1.1 to -3.6, EJSP, NSP and SWSP has adopted Inmate Handbooks which set forth the rights and privileges of its inmates. (See Def.'s Mot. 7). Inmates can filed Inmate Remedy System Forms ("IRSF"), and upon response from the administration, the inmate may appeal the response. Once a response is provided to the inmate's appeal, the inmate's remedies have been exhausted. Here, Plaintiff has failed to exhaust his administrative remedies regarding all the constitutional claims raised in his Second Amended Complaint.

According to the documents submitted by the parties, Plaintiff has filed numerous IRSF throughout 2008-2011. However, Plaintiff has never filed an administrative appeal to the responses received from the administration regarding these IRSFs. (See Def.'s Mot. 7).

Further, although Plaintiff routinely files IRSFs regarding various issues, between June 11, 2008 and the date of the filing of his Complaint in this matter on June 11, 2010, Plaintiff did not submit any other IRSF regarding the allegations contained in his Amended Complaint.

This Court is convinced that Plaintiff has failed to exhaust his administrative remedies, and as Plaintiff has not responded to Defendants argument, the Court finds that summary judgment is appropriate in this matter.

### B. Plaintiff's Tort Claims Must Also Be Dismissed

Plaintiff alleges that he was assaulted by Franclin Espinal, his cellmate. Additionally, Plaintiff alleges that Defendants were negligent because they failed to separate Plaintiff from his

cellmate. The Tort Claims Act provides immunity for public entities unless liability is expressly allowed. N.J. STAT. ANN. §59:2-1 provides that:

a. Except as otherwise provided by this Act, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any person.

b. Any liability of a public entity established by this Act is subject to any immunity of the public entity and is subject to any defenses that would be available to the public entity if it were a private person.

The specific immunity applicable in this case is found at N.J. STAT. ANN. §59:5-2(B)(4), which provides in pertinent part: "Neither a public entity nor a public employee is liable for:...b. any injury caused by: ...(4) <u>a prisoner to any other prisoner</u>." (emphasis added); See Tice v. Cramer, 627 A.2d 1090 (N.J. 1993) (N.J.S.A. 59:5-2b(2) grants police officers absolute immunity from liability, absent willful misconduct, for all injuries caused by their pursuit of a fleeing vehicle); Harris v. State, 297 A.2d 561 (N.J. 1972) (where duties of warden of state prison and his deputy keeper involved high administrative supervisory exercises of judgment and discretion, they were immune from liability for injuries received by one prisoner when he was attacked by another prisoner, in absence of showing that they had not exercised their judgment and discretion conscientiously and in good faith); Coppola v. State of N.J., 424 A.2d 858 (N.J. Super. App. Div. 1981) ("total and absolute immunity" extended to the parole board in its determination to parole prisoner even if board did not comply with provisions of parole statute); White v. Lewis, 383 A.2d 744 (N.J. Super. App. Div. 1978) (no liability for negligence of police in failing to separate Plaintiff and his cell-mate even though violent tendency of cell-mate was known, both Plaintiff and cell-mate asked to be separated and another cell was available); Burg v. State, 371 A.2d 308

(N.J. Super. App. Div. 1977), certif. den. 379 A.2d 242 (N.J. 1997) (no liability for assault by convicted murderer participating in a work release program).

The dispositive case in this matter is White v. Lewis, 383 A.2d 744 (N.J. Super. App. Div. 1978) where plaintiff filed suit against municipal officers for injuries plaintiff received from a cell-mate, following an arrest for being under the influence of alcohol. The Court held that even if the defendants knew the cell-mate had a history of violent assault, and thus were grossly negligent in separating the plaintiff and the cell-mate, the defendants were immune from liability per N.J. STAT. ANN. §59:5-2(B)(4).

The White court observed that:

> the Supreme Court noted that the act... "contains a sweeping provision that neither a public entity nor a public employee shall be liable for injury caused by a prisoner to any other prisoner...' We have no doubt that N.J.S.A. 59:5-2(b)(4) was intended to insulate a public entity and employee form liability where a prisoner is injured by another prisoner, even if the employee is negligent or grossly negligent in carrying out what may be considered ministerial duties.

White, 383 A.2d at 746 (internal citation omitted).

Defendants are entitled to dismissal of Plaintiff's state tort claims because they are immune from liability pursuant to the provisions of the New Jersey Tort Claims Act. Specifically, as public employees, Defendants are immune from suit for injuries sustained by a prisoner to any other prisoner. N.J. STAT. ANN. §59:5-2(B)(4). The prisoner to prisoner immunity provision of the Tort Claims Act, N.J. STAT. ANN. §59:5-2, immunizes Defendants from liability, and thus this Court dismisses Plaintiff's tort claim with prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is **granted**. An appropriate Order accompanies this Opinion.

/s/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: August 28, 2013
Original: Clerk's Office
cc: Hon. James B. Clark, U.S.M.J.
All Counsel of Record
File