<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KASEEM ALI-X, | Civil Action No. 10-2990 (WJM) |
| Plaintiff, | |
| v. | OPINION |
| TRACY POWER, et al., | |
| Defendants. | |

**APPEARANCES**:

    KASEEM ALI-X, 260516/422722B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey   08625
    Plaintiff *Pro Se*

    MEGAN E. SHAFRANSKI
    ATTORNEY GENERAL OF NEW JERSEY
    P.O. Box 112
    Trenton, New Jersey 08625
    Attorney for Defendants LaForgia, Campos, Vessel, Kennedy, Nelson, Knight

<u>**MARTINI, District Judge**</u>:

    This matter is before the Court on Plaintiff's motion (ECF No. 58) for an order vacating this Court's Order dismissing the Complaint.  For the reasons expressed below, and pursuant to Fed. R. Civ. P. 78, this Court will deny the motion.

## I.   BACKGROUND

    Kaseem Ali-X filed a paid Complaint against inmate Franclin Espinal and several officials at East Jersey State Prison ("EJSP").  (ECF No. 1.)  Plaintiff alleged in the Complaint that the officials failed to protect him from assault by inmate Espinal on June 11, 2008.  On May 3, 2011,

the Court screened the Complaint for dismissal, as required by 28 U.S.C. § 1915A, dismissed Espinal as defendant with prejudice, and allowed the Complaint to proceed to service as against the remaining defendant-officials at EJSP.  (ECF No. 12.)  On January 25, 2013, the defendants who were served filed a motion for summary judgment.  (ECF No. 50.)  By Opinion and Order filed on August 28, 2013, the Court granted summary judgment on all claims in favor of the defendants who were served, *i.e.,* LaForgia, Campos, Kennedy, Knight, Nelson, and Vessel.  (ECF Nos. 54, 55.)  In the Opinion, the Court found that defendants were entitled to summary judgment on Plaintiff's claims under 42 U.S.C. § 1983 because Plaintiff failed to properly exhaust available administrative remedies, as required by 42 U.S.C. § 1997e(a).  The Court found that defendants were entitled to summary judgment on his claims under the New Jersey Tort Claims Act because the Act provides that neither a public entity nor a public employee is liable for any injury caused by a prisoner to any other prisoner.  *See* N.J. STAT. ANN. § 59:5-2(b)(4).  On November 25, 2013, this Court dismissed the claims raised in the Complaint against the remaining unserved defendants, pursuant to Fed.R.Civ.P. 4(m), for failure to prosecute.  (ECF No. 57.)

On December 16, 2013, Plaintiff filed a motion for an order vacating the November 25, 2013, Order, reinstating the Complaint, and directing the Marshal to serve the Complaint on the defendants who have not been served.  (ECF No. 58.)  Plaintiff asserts that on May 3, 2011, the Court ordered the United States Marshal to serve all defendants except Espinal and that he should not be penalized by having his Complaint dismissed due to the Marshal's failure to effect service, as ordered by the Court.

On February 4, 2014, the Deputy General representing the defendants who were served filed a letter opposing Plaintiff's motion on the ground that service on the unserved defendants

would be futile because, even if service were effected, the federal claims against those defendants would be subject to dismissal for failure to exhaust administrative remedies, *see* 42 U.S.C. § 1997e(a), and the claims under the New Jersey Tort Claims Act would be subject to dismissal pursuant to N.J. STAT. ANN. § 59:5-2(b)(4).   (ECF No. 60.)

## II.   DISCUSSION

Relying on Rule 60, Plaintiff asks this Court to vacate the November 25, 2013, Order dismissing the Complaint for failure to prosecute as against the unserved defendants.  "[T]he function of the motion, and not the caption, dictates which Rule is applicable."  *United States v. Fiorelli*, 337 F.3d 282, 287-88 (3d Cir. 2003).  Although a motion for reconsideration may be governed by Rule 59(e) or Rule 60(b), each rule "has a particular purpose."  *Id*. at 288.  As the *Fiorelli* court explained,

> Rule 60(b) provides six bases for reconsideration, including "mistake, inadvertence, surprise, or excusable neglect" . . . .   In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment.  A motion under Rule 59(e) is a device to relitigate the original issue decided by the district court, and used to allege legal error . . .  .  As a Rule 60(b) motion may not be used as a substitute for an appeal, and that legal error, without more does not warrant relief under that provision, we will deem Fiorelli's motion [for reconsideration] as a request under Rule 59(e).

Fiorelli, 337 F.3d at 288 (citations and internal quotation marks omitted).

Here, where Plaintiff's motion for reconsideration of the dismissal Order alleges no more than legal error, this Court construes it as a motion to alter or amend a judgment under Rule 59(e). *See Fiorelli, supra; Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988).  "The scope of a motion for reconsideration . . . is extremely limited."  *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence."  *Id*.  "A

proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)); *see also Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc*., 602 F.3d 237, 251 (3d Cir. 2010). Disagreement with the district court's decision is inappropriate on a motion for reconsideration, and should be raised through the appellate process. *See Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp*., 996 F. Supp. 409, 442 (D.N.J. 1998).

      This Court will deny Plaintiff's motion to vacate the Orders dismissing the Complaint because Plaintiff has not shown an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. While Plaintiff is correct that this Court ordered the United States Marshal to serve the Complaint on all defendants, the failure of the Marshal to effect service on every defendant does not at this time warrant vacating the Order dismissing the Complaint. Requiring the Marshal to now serve the unserved defendants would be futile at this time because this Court determined in its August 28, 2013, Opinion and Order that dismissal of the federal claims raised in the Complaint was warranted because Plaintiff failed to exhaust available administrative remedies, as required by 42 U.S.C. § 1997e(a), and that dismissal of the state claims was required by N.J. STAT. ANN. § 59:5-2(b)(4). Accordingly, this Court will deny the motion to vacate the Order of dismissal.

### III.   CONCLUSION

For the foregoing reasons, this Court denies Plaintiff's motion.

               s/William J. Martini

              **WILLIAM J. MARTINI, U.S.D.J.**

DATED: May 28, 2014